M4b2BriC kjc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             21 Cr. 65 (LJL)

COLE JAMES BRIDGES,

          Defendant.

------------------------------x          Conference

                                         April 11, 2022
                                         2:10 p.m.

Before:

                    HON. LEWIS J. LIMAN,

                                         District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  SAMUEL S. ADELSBERG
     Assistant United States Attorney


SABRINA P. SHROFF
DEBORAH A. COLSON
     Attorneys for Defendant

1          (Case called)
2          THE DEPUTY CLERK:  Starting with counsel for the
3  government, please state your appearance for the record.
4          MR. ADELSBERG:  Good afternoon, your Honor.  Sam
5  Adelsberg on behalf of the government.
6          THE COURT:  Good afternoon, Mr. Adelsberg.
7          MS. SHROFF:  Good afternoon, your Honor.  Sabrina
8  Shroff and Deborah Colson on behalf of Mr. Cole Bridges.
9          THE COURT:  Good afternoon, Ms. Shroff; good
10 afternoon, Ms. Colson; and good afternoon, Mr. Bridges.
11         MS. COLSON:  Good afternoon.
12         THE COURT:  So it's been quite a while since I have
13 seen the parties in this case, and I think this is actually the
14 first conference I have done with the parties in person.
15         Mr. Adelsberg, I would like you to update me on the
16 status of the case.  And just to lay it out for the parties, I
17 think I should set some dates in this case, including a date
18 for trial.
19         Mr. Adelsberg, why don't you bring me up to speed.  I
20 know that I have Ms. Colson's and Ms. Shroff's letter asking
21 for an extension of the deadline for expert notices.
22         MR. ADELSBERG:  Very well, your Honor.  I can sort of
23 give a general overview of where we are in the case, and
24 obviously very able defense counsel can correct me if I get
25 anything wrong.

1           Rule 16 discovery has been produced.  There has been a
2  back and forth about an evaluation that's being conducted for
3  the defendant.  My understanding, based on discussions with
4  defense counsel, is that that evaluation is actually more for
5  mitigation than for competency, and so that won't be something
6  that I think the Court necessarily needs to be involved in and
7  I don't anticipate that it will require further litigation with
8  the Court.  As your Honor knows, no motions were filed.
9           THE COURT:  And that deadline I think has passed.
10          MR. ADELSBERG:  Yes, your Honor.
11          The parties were briefly discussing, before our
12  conference, setting a trial date.  Given the trial schedules
13  for both government counsel and defense counsel, including a
14  number of trials where actually we are on the same cases, my
15  understanding is that the parties would request a date in early
16  2023, which we understand is far off, but given the COVID
17  backlog, a lot of trials were on the calendar for the next
18  seven or eight months, and so that would be the earliest date
19  where defense counsel and government counsel would together be
20  able to try the case.
21          THE COURT:  All right. Let me push a little bit on
22  that.  I am going to ask defense counsel about their
23  availability, but generally -- and I realize there are
24  classified materials at stake here, but generally if the
25  defense is ready, the government usually is expected to be

1    ready.

2           MR. ADELSBERG:  Your Honor, we would be ready to try
3    the case very soon.  This was based on the availability of both
4    of our schedules.  There is no -- the classified issues in the
5    case have been resolved.  The government produced information
6    and classified discovery and then actually declassified those
7    materials, so that -- we are not arguing for some sort of
8    adjournment based on that.  It is really just a matter of both
9    parties' schedules not being able to accommodate a trial
10   earlier, but obviously feel free to inquire of defense counsel.

11          THE COURT:  Mr. Adelsberg, how long do you expect the
12   government's case to be.

13          MR. ADELSBERG:  I think the government would surmise
14   it would be about a week and a half to two weeks.

15          THE COURT:  Okay.  All right.  Thank you.

16          Let me hear from Ms. Shroff or Ms. Colson on the
17   status of the case and then thoughts with respect to trial
18   date.

19          MS. SHROFF:  Your Honor, if it's okay with the Court,
20   perhaps we can start backward on the trial date issue first.
21   Would that be acceptable?

22          THE COURT:  That's fine.  I probably won't make a
23   decision on the trial date until I hear everything, but --

24          MS. SHROFF:  That's fine, your Honor.

25          So, your Honor, Mr. Adelsberg is the prosecutor and I,

along with Mr. Marvinny, am defense counsel on a matter that is supposed to proceed to trial on October 31 in the Eastern District of New York.  That is essentially November 1.  It is a two-defendant case.  The charges are against two individuals, one of whom is a resident and a citizen of Somalia and the other defendant is a resident of Somalia as well as the United States.  It is a complicated trial.  It was supposed to start earlier, but just last week had to be moved to October 31 because my co-counsel Mr. Marvinny and Mr. Adelsberg had trial conflicts.

I do note that Mr. Adelsberg has a trial in April on which we are not involved, but Ms. Colson and I are co-counsel on a matter that is going to trial before Judge Furman on June 14.

Subsequent to that, your Honor, Mr. Adelsberg and I have a September trial on a matter before Judge Hellerstein. That matter is also a complicated matter involving somewhat unique issues, which I won't belabor for this Court, but that's a September trial date.

I believe Ms. Colson has a trial before Judge Vyskocil in September, and her trial is what is generally colloquially called in this building the horse doping case.

Through some odd interactions on this committee, this calendar by committee, Judge Castel also has me on a September trial for a horse doping case in front of him.  So I'm not

really sure where I will be in September, either before Judge Hellerstein or before Judge Castel. I could be in both -- in one of those two places, but September is also shot. I couldn't possibly try this case in October, because the 3500 disclosure on my late October trial may very well involve having me go back to Somalia to do investigation on that case.

So I think the most logical place to set a trial on this matter would be in early 2023.

I just want to note for the Court, your Honor, that, as the pandemic lifts, each judge is moving us along, and our case before Judge Ross in the Eastern District, I believe my client has been in custody for over two years waiting for trial.

THE COURT: How long will this client be in custody as of January 1, 2023?

(Defense counsel and defendant confer)

MS. SHROFF: I believe he was arrested -- he came here later, because it took them a while to transport Mr. Bridges to the Southern District, but I believe he was arrested in January of 2021, right? 2021.

THE COURT: So if I were to schedule trial for the first week in January of 2023, it would be two years after he was in custody.

MS. SHROFF: That's right.

THE COURT: Okay.

1           Tell me where things are in the case from your
2    perspective otherwise, and is Mr. Adelsberg correct that the
3    expert notices and reports go to mitigation and not to
4    competency or to any issue that -- to evidence that would be
5    admitted at trial?
6           MS. SHROFF:  That's correct, your Honor.  The
7    competency is not at issue in this case.
8           THE COURT:  And there is no defense as to guilt, as to
9    mental disease or defect or mental condition?
10          MS. SHROFF:  No, your Honor, and we would not be
11   serving notice under Rule 12 about that at all.  That's not an
12   issue here.
13          THE COURT:  Okay.  I am going to grant the extension,
14   then, because it is not going to affect my trial date and it
15   doesn't affect motion practice as I hear you.  Am I correct
16   about that, Ms. Shroff?
17          MS. SHROFF:  You are absolutely correct, your Honor.
18          THE COURT:  So besides motions *in limine*, do you
19   anticipate any motions prior to trial in this case?
20          MS. SHROFF:  Your Honor, I do not anticipate any
21   motions other than motions *in limine*.
22          I do want to just note, just for the Court to know,
23   that I know two years sounds like a long time when we are
24   speaking now about Mr. Bridges, but I want to just highlight
25   certain things.  Cases such as this one, this is not an

1    unusually long time for a matter to go to trial.  My second

2    concern is, and I know that concern is going to be gone very

3    soon, because MDC is very much opening up, but we have had very

4    little ability to work face to face with Mr. Bridges due to the

5    pandemic.  His discovery is such that it does make a difference

6    whether we are reviewing it with him over a video as opposed to

7    sitting with him in the jail.  The discovery is very voluminous

8    in this case.  And I just ask the Court, in setting the trial

9    date itself, keep in mind most respectfully that we will be

10   out-of-pocket until almost mid to late November on the trial

11   before Judge Ross.

12              THE COURT:  Okay.  Are there any other issues to be

13   brought to the Court in terms of motion practice, discovery,

14   anything else from your perspective, Ms. Shroff, that I should

15   know about?

16              MS. SHROFF:  Your Honor, I don't believe so.  I don't

17   think there's any need for CIPA litigation, given the progress

18   the parties have made so far.  But on the very off chance,

19   that's the only issue I see when we approach trial.  If there

20   is some CIPA notice that we would want to give seeking -- in

21   case we wanted to use affirmatively the information produced to

22   us in the skiff, we would need Section 6 notice to the

23   government and the Court.  And of course if there is new

24   production of any classified information, then we would come

25   back to your Honor for a new schedule.

1            THE COURT:  It sounds like what I should be doing is
2    scheduling a motion date for any CIPA motions that you have got
3    as a result of anything that you want to use affirmatively in
4    your case so that we are not in a position where I have got
5    trial scheduled for January and all of a sudden a day or two
6    before trial you are making a motion that would require some
7    thought by the Court and would end up delaying the trial.
8            What do you think?
9            MS. SHROFF:  That's fine, your Honor, as long as the
10   defense motions are triggered by a deadline set by the Court on
11   the government's production of any further classified
12   information.
13           THE COURT:  Okay.  What do you have to say about that,
14   Mr. Adelsberg?
15           MR. ADELSBERG:  Your Honor, the government doesn't
16   anticipate producing any more classified information.  All the
17   classified information we did produce we have declassified, and
18   so never say never, but we just don't anticipate that being a
19   part of the case.  But we have no opposition to setting some
20   sort of Section 6 deadline.
21           THE COURT:  All right.  I am going to confer with my
22   courtroom deputy.  Hold on.
23           (Pause)
24           THE COURT:  I am going to schedule trial in this case
25   for January 9, 2023.  With respect to Section 6 motions, why

1  don't I schedule a date in -- with respect to anything that you
2  have got right now, I want to make sure that I have got a date
3  certain.  How about May 27, Ms. Shroff?  Since you don't
4  anticipate making a motion, that should --
5             MS. SHROFF:  That's perfectly fine, your Honor.
6             THE COURT:  And then any further Section 6 motion you
7  have got is going to be two weeks after the production of any
8  classified documents by the government.
9             MS. SHROFF:  That's fine also, your Honor.
10            Your Honor, most respectfully, is it possible for us
11 to have just one week later in January?  Would the Court's
12 schedule be able to accommodate that.
13            THE COURT:  I don't think that that is going to be
14 possible.  I think that is going to back me up in terms of
15 other trials.  So is there a particular problem with January 9?
16            MS. SHROFF:  My only concern is how long Judge Ross's
17 trial will go.  I anticipate not being done with that trial
18 until December, and then I wouldn't be able to focus -- I would
19 only have December to focus on Mr. Bridges.
20            THE COURT:  But you have got Ms. Colson and you have
21 got a lot of time between now and January.  I realize that
22 there is a lot of work that gets done in the time period
23 immediately before trial, but why isn't that sufficient?
24            Ms. Colson, what do you have in the month of mid
25 November through December?

M4b2BriC kjc

1           MS. COLSON:  I don't have a trial scheduled at that
2   time.
3           THE COURT:  All right.  So I'm going to keep it as
4   January 9.  I want to give you a date for a final pretrial
5   conference, which will be the week of January 3, then a date
6   for the submission of motions *in limine* and requests to charge
7   and *voir dire*.
8           (Pause)
9           THE COURT:  January 4 at 2 p.m., Mr. Adelsberg?
10          MR. ADELSBERG:  That works for the government, your
11  Honor.
12          THE COURT:  And for the defense?
13          MS. SHROFF:  Yes, your Honor.
14          THE COURT:  Okay.  I would like to get the *voir dire*
15  and motions *in limine* in obviously sufficiently in advance of
16  that, sort of thinking -- I'm just looking at the calendar
17  right now thinking of the week of -- early the week of December
18  19, maybe either December 16 or December 19.  Ms. Shroff or
19  Ms. Colson, do you have a view on that?
20          MS. SHROFF:  Your Honor, I would prefer December 19
21  because I think it is important for both counsel to work on the
22  case.  So I would prefer the 19th, please.
23          THE COURT:  Mr. Adelsberg.
24          MR. ADELSBERG:  That works for the government, your
25  Honor.

(212) 805-0300

1            THE COURT:  In terms of any oppositions to the motions
2    *in limine*, I would like those -- does anybody know if the 26th,
3    which is Boxing Day, is a court holiday?  Do you know,
4    Ms. Shroff.
5            MS. SHROFF:  It normally is, Judge.  Judge Preska,
6    when she was Chief Judge, had that as a holiday.  I think
7    Judge McMahon followed that.  I'm not sure what Chief Judge
8    Swain will do, but I believe it is closed.
9            THE COURT:  Then it will be December 27 for the
10   oppositions to the motions *in limine*.  It puts a little bit of
11   a crunch on me, but that's okay.
12           Is there anything else from the government's
13   perspective that we should do today?
14           MR. ADELSBERG:  Your Honor, the government would just
15   move to exclude time between today and the date of trial,
16   January 9, 2023, under the Speedy Trial Act to allow the
17   parties to continue discussing any possible disposition short
18   of trial and for the -- to prepare for trial and for defense
19   counsel to review discovery with their client as well.
20           THE COURT:  Okay.  I'm going to ask defense counsel
21   about that in a moment, but anything else other than the Speedy
22   Trial Act from defense counsel?
23           MS. SHROFF:  Yes, your Honor.  We would like you to
24   please set a date for disclosure of the 3500 material.
25           THE COURT:  Okay.  Usually I would have some form of a

motion on that and give the government an opportunity to -- you to tell me when and the government to tell me when it is prepared. It is hard for me to judge when the 3500 material should be turned over without knowing more about how complex the case is going to be.

But Mr. Adelsberg, what's your position in terms of how early you can turn over the 3500 material?

MR. ADELSBERG: Your Honor, I think the government should be able to turn over 3500 certainly around the time of the motion *in limine* deadline. That seems consistent with what I have seen in other similar cases. I don't suspect that this is going to be a case where there is hoards of 3500 material and there is going to be sort of a dump on defense counsel. This is not one of those cases.

MS. SHROFF: Your Honor, we actually are -- we disagree with Mr. Adelsberg. We think that the discovery in this case has been voluminous. Three weeks does not give us enough time. I conferred with Ms. Colson, and we would need a little bit more time, especially since Mr. Bridges is in custody and it takes a lot longer to review information with a person who is detained than a person who is not. These are extremely serious charges against Mr. Bridges, and if it is not a consequential amount of information and there is no other national security issue, I'm not really sure what the prejudice would be to the government to give us the 3500 material at

1    least a month in advance of the trial.

2    THE COURT: That's pretty far in advance. I am going
3    to set it for December 19; but, Ms. Shroff, I will also let you
4    make a motion, by next Monday, for earlier disclosure of the
5    3500 material, and then the government will have a week to
6    respond to that. You can lay out for me your arguments and the
7    precedents and reasons why you should get it earlier than the
8    19th.

9    MS. SHROFF: Certainly, your Honor.

10   THE COURT: As to the exclusion of time until January
11   9, do you need to confer with your client? It's a long time,
12   so I want to make sure that he is comfortable with that.

13   MS. SHROFF: We have conferred with Mr. Bridges
14   earlier this afternoon, your Honor. Mr. Bridges actually had
15   hoped for a later trial date, so I don't think it's an issue.
16   But if you want I can reconfirm with him.

17   THE COURT: Yes, if you wouldn't mind since it is a
18   long ways off from now.

19   MS. SHROFF: Sure, your Honor.

20   (Defense counsel and defendant confer)

21   MS. SHROFF: Thank you, your Honor.

22   I have reconfirmed and Mr. Bridges understands that he
23   is waiving time under the Speedy Trial Act from now until the
24   trial date which is in January.

25   THE COURT: Okay.

1                So with the consent of the defense, I will exclude
2    time under the Speedy Trial Act from today until January 9,
3    2023.  I am doing so because the ends of justice outweigh the
4    best interests of the public and the defense in a speedy trial.
5    This is a complicated case where there are high stakes.  The
6    ability of counsel to confer with their client has been impeded
7    because of the COVID-19 pandemic and because of the conditions
8    that the federal jail facilities put on access to counsel.  So
9    I think the time that is requested is necessary and appropriate
10   for defense counsel to be able to confer with their client and
11   to prepare for trial.  That time also will permit defense
12   counsel to continue to review discovery, to make pretrial
13   motions, and to discuss with the government the potential for a
14   pretrial disposition.
15               I am also going to grant Ms. Colson's request for a
16   three-week extension of the deadline for defense expert
17   notices.  Ms. Colson, how much time do you want?
18               MS. COLSON:  I believe we requested three weeks, your
19   Honor.
20               THE COURT:  So it will be three weeks, but what's the
21   date certain on that?  I want to give you a calendar date.  I
22   think it is May 4.  Does that sound right?
23               MS. COLSON:  May 4 is fine.  Thank you.
24               THE COURT:  So the deadline is extended until May 4.
25               Anything else, Mr. Adelsberg?

1          MR. ADELSBERG:  No, your Honor.
2          THE COURT:  Anything else, Ms. Shroff or Ms. Colson?
3          MS. SHROFF:  No, your Honor.  Thank you.
4          THE COURT:  Okay.  All right.  I look forward to
5   getting the motions about early disclosure -- earlier
6   disclosure of the 3500 material.
7          Everybody stay safe and stay healthy.  Good luck to
8   you, Mr. Bridges.  Thank you.
9          MR. ADELSBERG:  Thank you, Judge.
10                              oOo